1  J. MICHAEL HENNIGAN (SBN 59491)
   hennigan@mckoolsmithhennigan.com
2  PETER J. MOST (SBN 143963)
   pmost@mckoolsmithhennigan.com
3  CAROLINE WALTERS (SBN 239054)
   cwalters@mckoolsmithhennigan.com
4  LEAF K. WILLIAMS (SBN 265720)
   lwilliams@mckoolsmithhennigan.com
5  McKOOL SMITH HENNIGAN, P.C.
   865 South Figueroa Street, Suite 2900
6  Los Angeles, California 90017
   Telephone:    (213) 694-1200
7  Facsimile:    (213) 694-1234

8  Attorneys for Plaintiff
   THOMAS PROPERTIES GROUP, INC.
9
   Additional Counsel on Signature Page
10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  THOMAS PROPERTIES GROUP, INC.,   )  Case No. CV12-05331 MMM (Ex)
15  a Delaware Corporation,          )
                                     )  **CONFIDENTIALITY**
16                      Plaintiff,   )  **STIPULATION AND [PROPOSED]**
                                     )  **PROTECTIVE ORDER**
17          vs.                      )
                                     )
18  STRATEGIC ADVISORY,              )
    INCORPORATED, a Virginia         )
19  corporation, LARRY E. FINGER, an )
    individual, an individual,       )
20                                   )
                        Defendants.  )
21  ─────────────────────────────────)

22

23

24

25

26

27

28

CONFIDENTIALITY STIPULATION AND
                                              [PROPOSED] PROTECTIVE ORDER

FILED
CLERK, U.S. DISTRICT COURT

SEP 19 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

McKool Smith Hennigan, P.C.
Los Angeles, California

1   **WHEREAS**, the parties to *Thomas Properties Group, Inc. v. Strategic*
2   *Advisory Incorporated, et al*, Case No. CV12-05331 MMM (Ex) (C.D. Cal.)
3   (together, the "Parties," or individually, a "Party"), seek to enter into a confidentiality
4   stipulation and protective order to govern discovery and the use of discoverable
5   materials or information in the above-captioned case (the "Action");

6       **WHEREAS**, the Parties have conferred and agree that the Action may require
7   the discovery, production, disclosure, and use of certain documents, information and
8   other materials that contain information that is confidential, proprietary or otherwise
9   inappropriate for public disclosure, and, in certain instances, disclosure directly to the
10  Parties; and

11      **WHEREAS**, the Parties desire to be protected against potential disadvantage,
12  financial loss, hardship and/or substantial prejudice that may result from the
13  unauthorized or inappropriate disclosure of confidential proprietary documents, or
14  other information, or materials;

15      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by
16  and between the Parties through their undersigned counsel, and;

17      **IT IS HEREBY ORDERED** that this Confidentiality Stipulation and
18  Protective Order (the "Order") shall govern the use and handling of documents,
19  including deposition testimony and transcripts, deposition notices and exhibits,
20  interrogatories and interrogatory responses, requests for admissions and responses,
21  and any other information or material provided, disclosed, produced, given, or
22  exchanged by, between, and among the parties and any non-parties in connection with
23  proceedings in the Action (such information or material hereinafter referred to as
24  "Covered Material") and any briefs, affidavits or other court documents containing or
25  otherwise disclosing such Covered Material:

26      1.      Any Party or non-party to the Action disclosing, producing, giving or
27  exchanging any documents, information or material in connection with proceedings in
28

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

1    the Action, or whose documents, information, or material is being disclosed,

2    produced, given, or exchanged by another Party or non-party in connection with the

3    Action (the "Disclosing Party"), may designate any Covered Material as

4    "Confidential" under the terms of this Order if such party in good faith reasonably

5    believes that such Covered Material contains confidential, proprietary or

6    commercially or personally sensitive information that requires the protections

7    provided in this Order ("Confidential Information").

8           2.      Any Disclosing Party may designate any Covered Material as "Highly

9    Confidential" under the terms of this Order if such party in good faith reasonably

10   believes that such Covered Material consists of highly sensitive information, the

11   disclosure of which to the adverse party, even subject to the terms governing

12   Confidential Information under this Order, is substantially likely to cause competitive

13   business injury ("Highly Confidential Information"); provided, however, that only

14   that portion of Covered Material that contains Highly Confidential Information shall

15   be designated Highly Confidential.

16          3.      Nothing herein precludes any Party from challenging a designation of

17   Covered Material as Confidential or Highly Confidential, or constitutes an

18   acknowledgement that any Covered Material or category of Covered Material

19   (including those set forth above) are discoverable or appropriate for designation as

20   Confidential or Highly Confidential.  If any Party objects to or disagrees with a

21   Disclosing Party's designation of Covered Material as Confidential or Highly

22   Confidential, they shall confer with the Disclosing Party and the parties shall attempt

23   to resolve the objection or disagreement.  To the extent the parties are not able to

24   resolve any objection or disagreement, the provisions of paragraph 23 of this Order

25   will apply; provided, however, that it is contemplated that every effort shall be made

26   to resolve a dispute of a designation as Confidential or Highly Confidential within

27   two (2) business days.

28

Case No. CV12-05331 MMM (Ex)                    CONFIDENTIALITY STIPULATION AND
                                                [PROPOSED] PROTECTIVE ORDER

McKool Smith Hennigan, P.C.
los angeles, california

4.     The designation by any Disclosing Party of Covered Material as Confidential or Highly Confidential shall constitute a representation that such Confidential Information has been reviewed by an attorney for the Disclosing Party and that there is a reasonable good-faith basis for such designation.

5.     For the purposes of this Order, any Disclosing Party may apply, upon notice, for an order to supplement the foregoing categories of Confidential or Highly Confidential information.

6.     Covered Material, or information contained therein or derived therefrom, shall be used solely for prosecution and/or defense of (1) the Action or any appeal therefrom, or (2) the related case pending in the United States District Court for the Eastern District of Virginia captioned *Strategic Advisory, Incorporated v. Thomas Properties Group, Inc.*, Case No. 1:12-cv-640 (the "Virginia Action"), and shall not be used for any other purpose, including, without limitation, any business or commercial purposes or any other litigation or proceeding.  To the extent the Covered Materials are used in the Virginia Action, their use will be governed by this Order until a Protective Order containing similar terms is entered by the Court in the Virginia Action.

7.     The designation of Covered Material as Confidential or Highly Confidential for purposes of this Order shall be made in the following manner by any Disclosing Party:

    (a)     For documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential information; provided that the failure to designate a document (or a portion of a document) as Confidential or Highly Confidential shall not constitute a waiver of such claim, and a Disclosing Party may so designate a document thereafter by providing written notice to all other parties together with properly

McKool  Smith  Hennigan, P.C.
los angeles, california

-4-

CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

McKool Smith Hennigan, P.C.
los angeles, california

1    designated copies of said document within five (5) business days of becoming

2    aware of such failure to designate, with the effect that such document is

3    thereafter (including previously produced copies) subject to the protections of

4    this Order.  In the case of Confidential or Highly Confidential documents or

5    materials that are inadvertently produced without the appropriate designation,

6    but that were otherwise intended to be produced, the Disclosing Party shall

7    deliver to each party to whom the Confidential or Highly Confidential

8    documents or materials were inadvertently produced copies of the Confidential

9    or Highly Confidential documents or material containing the appropriate

10   designation and each such party shall either (1) return or destroy the

11   Confidential or Highly Confidential documents or materials that were produced

12   without the appropriate designation or (2) mark the Confidential or Highly

13   Confidential documents or materials that were produced without the

14   appropriate designation with the designation requested by the Disclosing Party;

15          (b)     For depositions or other pretrial testimony, (i) by a statement on

16   the record, by counsel, at the time of such disclosure; or (ii) by written notice,

17   sent to all parties within ten (10) business days after receiving a copy of the

18   final certified transcript thereof, and in both of the foregoing instances, by

19   directing the court reporter that the appropriate confidentiality legend be

20   affixed to all pages of the original and all copies of the transcript containing

21   any Confidential or Highly Confidential information.  Until expiration of the

22   ten (10) business day period, all deposition testimony shall be deemed

23   Confidential and treated as if so designated.  The Parties may modify this

24   procedure for any particular deposition, through agreement on the record at

25   such deposition, without further order of the Court; and

26          (c)     For Covered Material that is disclosed or produced in a non-paper

27   medium (e.g., videotape, DVD, CD, audiotape, computer disks, etc.), by

28

Case No. CV12-05331 MMM (Ex)                    CONFIDENTIALITY STIPULATION AND
                                                [PROPOSED] PROTECTIVE ORDER

1    affixing the legend "Confidential" or "Highly Confidential" on the medium, if
2    possible, and its container, if any, so as to clearly give notice that the medium
3    contains Confidential and/or Highly Confidential information.  Documents
4    produced in PDF or TIFF image format on a CD-ROM or other non-paper
5    medium shall be marked in the manner provided for in paragraph 7(a) above.

6       8.    Except as specifically provided for in this Order or subsequent Court
7    orders or stipulations among the Parties (and the relevant non-party if the Confidential
8    information in question was produced by a non-party), Covered Material produced in
9    the Action and designated Confidential may be disclosed, summarized, described,
10   characterized or otherwise communicated or made available in whole or in part only
11   to the following persons:

12      (a)    Outside counsel for the Parties in the Action, and regular and
13   temporary employees, including clerical, paralegal and secretarial staff, and
14   service vendors of such counsel (including outside copying and litigation
15   support services including, without limitation, contract attorneys) assisting in
16   the conduct of the Action for use in accordance with this Order;

17      (b)    The parties to the Action, which for any Party that is an entity
18   means any of its current directors, officers, in-house counsel, employees and
19   general or limited partners who are actively participating in or assisting those
20   parties in the Action;

21      (c)    Experts, advisors, or consultants (together with their staff)
22   assisting the Parties or their counsel in the Action; provided that any report
23   created by such expert, advisor or consultant relying on or incorporating
24   Confidential Information, in whole or in part, shall be designated Confidential;

25      (d)    Any person indicated on the face of a document to be the author,
26   addressee, or a copy recipient of the document, or as to whom there has been
27   deposition or trial testimony that the person was the author or a recipient of the

28

McKool Smith Hennigan, P.C.
los angeles, california

1  document;

2      (e)    Subject to and in accordance with paragraph 9, witnesses or

3  deponents and their counsel, during the course of and, to the extent necessary,

4  in preparation for depositions or testimony in the Action; provided, however,

5  that no copies or notes relating to the Confidential Information shall be made

6  by such person;

7      (f)    The Court and its employees; and

8      (g)    Court reporters employed in connection with the Action.

9      9.    Except as specifically provided for in this Order or subsequent Court

10  orders or stipulations among the Parties (and the relevant non-party if the Highly

11  Confidential information in question was produced by a non-party), Covered Material

12  produced in the Action and designated Highly Confidential may be disclosed,

13  summarized, described, characterized or otherwise communicated or made available

14  in whole or in part only to the following persons:

15      (a)    Outside counsel for the Parties in the Action, and regular and

16  temporary employees, including clerical, paralegal and secretarial staff, and

17  service vendors of such counsel (including outside copying and litigation

18  support services including, without limitation, contract attorneys) assisting in

19  the conduct of the Action for use in accordance with this Order;

20      (b)    Experts, advisors, or consultants (together with their staff)

21  assisting the Parties or their counsel in the Action; provided that any report

22  created by such expert, advisors or consultant relying on or incorporating

23  Highly Confidential Information, in whole or in part, shall be designated

24  Highly Confidential;

25      (c)    Any person indicated on the face of a document to be the author,

26  addressee, or a copy recipient of the document, or as to whom there has been

27  deposition or trial testimony that the person was the author or a recipient of the

28

McKool Smith Hennigan, P. C.
los angeles, california

Case No. CV12-05331 MMM (Ex)          CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

1    document;

2            (d)    The Court and its employees; and

3            (e)    Court reporters employed in connection with the Action;

4        10.    Persons identified in paragraphs 8(c), 8(e), and 9(b) above who do not

5    fall within the descriptions in paragraph 8(b) and to whom Confidential and/or Highly

6    Confidential Information is disclosed shall prior to such disclosure be required to sign

7    an undertaking (a "Confidentiality Undertaking") in the form attached as Exhibit A

8    hereto, agreeing in writing to be bound by the terms and conditions of this Order,

9    consenting to the jurisdiction of the Court for purposes of the enforcement of this

10   Order, and agreeing not to disclose or use any Confidential and/or Highly

11   Confidential information in a manner or for purposes other than those permitted

12   hereunder; provided, however, that a non-party witness to whom Confidential and/or

13   Highly Confidential information is first disclosed at deposition need not be required to

14   sign a copy of the Confidentiality Undertaking in order to be bound by the terms

15   hereof.  Showing a Confidential or Highly Confidential document to a deponent does

16   not waive the confidentiality protections otherwise afforded that document.  The

17   attorneys of record making Confidential and/or Highly Confidential information

18   available to any person required to execute a copy of the Confidentiality Undertaking

19   pursuant to this paragraph shall be responsible for obtaining such signed undertaking

20   and for maintaining all original, executed copies of such Confidentiality

21   Undertakings.  Copies of any executed Confidentiality Undertaking shall be disclosed

22   to counsel for the Disclosing Party upon agreement of the parties, which agreement

23   shall not be unreasonably withheld, or upon further Court order.  The requirements of

24   this provision are not applicable to non-testifying, consulting experts.

25       11.    To the extent non-parties are authorized by Court order or consent of all

26   Parties hereto to attend a deposition or otherwise participate in discovery in this

27   Action that may involve Confidential and/or Highly Confidential Information, such

28

McKool  Smith Hennigan, P.C.
los angeles, california

-8-

CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

1   non-party must sign a Confidentiality Undertaking in the form attached as Exhibit A

2   hereto, agreeing in writing to be bound by the terms and conditions of this Order,

3   consenting to the jurisdiction of the Court for purposes of the enforcement of this

4   Order, and agreeing not to disclose or use any Confidential and/or Highly

5   Confidential Information in a manner or for purposes other than those permitted

6   hereunder.

7        12.   Every person given access to Confidential or Highly Confidential

8   Information shall be advised that the information is being disclosed pursuant and

9   subject to the terms of this Order and may not be disclosed other than pursuant to the

10   terms hereof.

11        13.   Any Party seeking discovery from a non-party shall provide a copy of

12   this Order to the non-party and notify the non-party that the protections of this Order

13   are available to such non-party.  Any non-party from whom discovery is sought in the

14   Action may obtain the protection of this Order by signing and providing to outside

15   counsel for the party seeking the discovery a certification and agreement, substantially

16   in the form attached hereto as Exhibit B, stating that the non-party has read the Order,

17   understands the terms of the Order, agrees to be fully bound by the Order, submits to

18   the jurisdiction of this Court for purposes of enforcement of the Order, and

19   understands that any violation of the terms of the Order shall be punishable by relief

20   deemed appropriate by the Court.

21        14.   Counsel for any Disclosing Party shall have the right to exclude from

22   depositions any person who is not authorized by this Order to receive documents or

23   information designated Confidential or Highly Confidential.  Such right of exclusion

24   shall be applicable only during periods of examination or testimony directed to or

25   comprising information which is Confidential or Highly Confidential.

26        15.   Counsel for any party wishing to file documents of any nature, including

27   briefs, which have been designated as Confidential or Highly Confidential, or that

28

Case No. CV12-05331 MMM (Ex)                    CONFIDENTIALITY STIPULATION AND
                                                [PROPOSED] PROTECTIVE ORDER

McKool Smith Hennigan, P.C.
los angeles, california

1   would disclose information from a document that has either been designated as

2   Confidential or Highly Confidential, or would otherwise be required to be filed under

3   seal, shall move to file such documents with the Court under seal and, providing that

4   the Court approves the motion to file under seal, a statement shall be endorsed on the

5   cover:

### "CONFIDENTIAL – SUBJECT TO COURT ORDER"

7   It is understood that motions or other papers that are filed under seal shall be

8   timely if a motion to seal attaching the motion or other papers sought to be sealed is

9   filed within the time permitted for filing the attached papers.

10  It is understood that all such Confidential and Highly Confidential materials so

11  filed shall be maintained by the Clerk separate from public records and shall be

12  released only upon further Order of this Court in accordance with Local Rule 79-5.2.

13  Upon the conclusion of the Action, any party may seek the return or destruction of

14  documents it has filed under seal pursuant this paragraph. Any such documents

15  shall remain subject to the provisions of this Order.

16  16.    Entering into, agreeing to and/or producing or receiving Confidential or

17  Highly Confidential Information pursuant to or otherwise complying with the terms of

18  this Order shall not:

19  (a)    Operate as an admission that any discovery is appropriate or

20  warranted in the Action, or an admission or waiver as to the proper scope of

21  discovery in the Action;

22  (b)    Operate as an admission that any document designated

23  Confidential or Highly Confidential contains or reflects trade secrets or any

24  other type of Confidential Information;

25  (c)    Prejudice in any way the rights of any Party or non-party to object

26  to the production of documents they consider not subject to discovery, or

27  operate as an admission by any Party or non-party that the restrictions and

28

-10-

Case No. CV12-05331 MMM (Ex)

CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

McKool Smith Hennigan, P.C.
los angeles, california

procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Highly Confidential Information;

(d)     Prevent the Parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Covered Material;

(e)     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(f)     Prejudice in any way the right of any Party or non-party to seek a determination by the Court whether any Confidential or Highly Confidential Information should be subject to the terms of this Order;

(g)     Prejudice in any way the right of any Party or non-party to petition the Court for a further protective order relating to any purportedly confidential information;

(h)     Waive, supersede, or amend the provisions of any prior confidentiality agreement between and/or among defendants, any of the Parties or non-parties, and/or any other person; and

(i)     Be construed or operate as a waiver of any claim of privilege or immunity with respect to the production of any document.

(j)     This Order has no effect upon, and shall not apply to, the Parties' or non-parties' use of their own Confidential or Highly Confidential Information for any purpose.  Nothing herein shall prevent or in any way limit disclosure, use or dissemination of any information or documents that are in the public domain through no violation of this Order.  The following shall not constitute Confidential documents or material for purposes of this Order: (i) information that is or becomes generally available to the public other than as a

McKool Smith Hennigan, P.C.
los angeles, california

Case No. CV12-05331 MMM (Ex)

CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

1    result of a violation of this Order; (ii) information that was already in the files

2    of a Party, other than the Disclosing Party, on a non-confidential basis prior to

3    be being produced to such Party; (iii) information that becomes available to any

4    Party on a non-confidential basis if the source was not, to the best of the

5    receiving Party's knowledge, subject to any prohibition against transmitting the

6    information to it; or (iv) information independently developed by any Party,

7    other than the Disclosing Party, without use of Confidential documents or

8    material. Nothing herein shall impose any restriction on the use or disclosure

9    by a party of documents, materials or information designated as "Confidential"

10   or "Highly Confidential" that have been obtained lawfully by such party

11   independently of the discovery proceedings in the Action.

12        17.    The production, transmission, or disclosure of any material that is

13   arguably or actually subject to a claim of privilege or of protection as trial preparation

14   material ("Privileged Covered Material") shall not prejudice, or constitute a waiver

15   (either as to the specific document disclosed or as to other documents or

16   communications concerning the same subject matter) of, or estop a party from

17   asserting, any claim of privilege, work product or other ground for withholding

18   production of that material. This "non-waiver" provision shall be construed in a

19   manner consistent with Federal Rule of Evidence 502(b). If Privileged Covered

20   Material has been produced, transmitted, or disclosed, the party making the claim of

21   privilege, work product or other ground for withholding may notify the receiving

22   party and state the basis for the claim. After being notified, the receiving Party (i)

23   must promptly return or destroy the Privileged Covered Material and any copies

24   (paper or electronic) the receiving Party has of it and (ii) may not make any disclosure

25   of the Privileged Covered Material or use the Privileged Covered Material, or

26   information gleaned from Privileged Covered Material, in connection with the Action

27   or for any other purpose until the claim is resolved (even if such a disclosure were

28

McKool Smith Hennigan, P.C.
los angeles, california

1  otherwise permissible hereunder); provided, however, that a receiving Party may

2  retain one copy of the Privileged Covered Material solely for purposes of submitting

3  the Privileged Covered Material to the Court under seal for a determination of the

4  claim of privilege.  If a receiving Party disclosed the Privileged Covered Material

5  before being notified, the receiving Party must make reasonable steps to retrieve it.

6  This provision is intended to facilitate the production of electronic or paper records.

7  No Party or non-party, by virtue of agreeing to this paragraph, is assuming any

8  obligation, or in any way undertaking, to produce privileged matter, and no Party or

9  non-party is agreeing to waive any applicable privilege.

10  18.    In the event additional Parties join or intervene in the Action after the

11  entry of this Order, such Parties shall not have access to Confidential or Highly

12  Confidential Information until counsel for each newly joined or intervening party has

13  executed a Confidentiality Undertaking evidencing the newly joined or intervening

14  party's intent to be bound by this Order, which shall be filed with the Court promptly.

15  19.    The Parties agree to be bound by the terms of this Order pending the

16  entry by the Court of this Order and any violation of its terms shall be subject to the

17  same sanctions and penalties, as if this Order had been entered by the Court.

18  20.    The attorneys of record shall take reasonable measures, consistent with

19  this Order, to prevent the unauthorized disclosure or use of Confidential or Highly

20  Confidential information and are responsible for employing reasonable measures to

21  control the duplication of, access to, and distribution of, Confidential and Highly

22  Confidential information.

23  21.    The provisions of this Order shall, absent written permission of the

24  Disclosing Party or further order of the Court, continue to be binding throughout and

25  after the conclusion of the Action, including, without limitation, any appeals

26  therefrom.  Within ninety (90) days after receiving notice of the entry of an order,

27  judgment or decree finally disposing of the Action, including the exhaustion of all

28

Case No. CV12-05331 MMM (Ex)                CONFIDENTIALITY STIPULATION AND
                                            [PROPOSED] PROTECTIVE ORDER

McKool  Smith Hennigan, P.C.
los angeles, california

1  possible appeals, all persons having received Confidential or Highly Confidential

2  Information shall either return such material and all copies thereof (including

3  summaries and excerpts) to counsel for the Disclosing Party or destroy all such

4  Confidential or Highly Confidential Information, and, in either case, certify that fact

5  to counsel for the Producing Party.  Outside counsel for the Parties shall be entitled to

6  retain court papers, depositions and trial transcripts and attorney work product

7  (including discovery material containing Confidential or Highly Confidential

8  Information); provided, that such outside counsel, and employees of such outside

9  counsel, shall maintain the confidentiality thereof and shall not disclose such court

10  papers or attorney work product to any person except pursuant to court order or

11  agreement by the Disclosing Party.

12      22.    After the termination of the Action, this Order shall continue to be

13  binding upon the Parties hereto, and upon all persons to whom Confidential or Highly

14  Confidential Information has been disclosed or communicated, and this Court shall

15  retain jurisdiction over all such Parties and persons for enforcement of its provisions.

16      23.    During the pendency of the Action, any party objecting to the

17  designation of any Covered Material or testimony as Confidential or Highly

18  Confidential or the application of any provision of this Order may, after making a

19  good-faith effort to resolve any such objection with opposing counsel, move promptly

20  for an order vacating the designation or the application of said provision.  While such

21  an application is pending, the Covered Material or testimony in question shall

22  continue to be treated as Confidential or Highly Confidential pursuant to this Order.

23  Nothing in this Order is intended to shift the burden of establishing confidentiality

24  which, at all times, remains upon the Disclosing Party.

25      24.    Counsel shall confer on such procedures that are necessary to protect the

26  confidentiality of any documents, information and transcripts used in the course of

27  any court proceedings.  In the event that any Confidential or Highly Confidential

28

-14-

Case No. CV12-05331 MMM (Ex)

CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER

McKool Smith Hennigan, P.C.
los angeles, california

McKool Smith Hennigan, P.C.
los angeles, california

1   information is used in any court proceeding in the Action or any appeal therefrom,

2   such Confidential or Highly Confidential information shall not lose its status as

3   Confidential or Highly Confidential information through such use.

4          25.     If any person receiving documents covered by this Order (the

5   "Receiver") is subpoenaed or receives other compulsory process in another action or

6   proceeding or is served with a document demand, and such subpoena, process or

7   document demand seeks Covered Material which was produced or designated as

8   Confidential or Highly Confidential by someone other than the Receiver, the Receiver

9   shall (i) give written notice by e-mail, hand or facsimile transmission within five (5)

10  business days of receipt of such subpoena, process or document demand to those who

11  produced or designated the information Confidential or Highly Confidential, and

12  which notice shall include or attach a complete copy of the subpoena or other

13  discovery request, unless prohibited by law, and (ii) refrain from producing any

14  Covered Material that has been designated Confidential or Highly Confidential in

15  response to such a subpoena or document demand until the earlier of (a) receipt of

16  written notice from the Disclosing Party that such party does not object to production

17  of the designated Covered Material, or (b) resolution of any objection asserted by the

18  Disclosing Party either by agreement or by final order of the Court with jurisdiction

19  over the objection of the Disclosing Party, unless prohibited by law; provided,

20  however, that the burden of opposing the enforcement of the subpoena or document

21  demand shall fall solely upon the party who produced or designated the Confidential

22  or Highly Confidential information, and unless the party who produced or designated

23  the Confidential or Highly Confidential Information submits a timely objection

24  seeking an order that the subpoena or document demand not be complied with, and

25  serves such objection upon the Receiver by e-mail, hand or facsimile prior to

26  production pursuant to the subpoena or document demand, the Receiver shall be

27  permitted without violating this Order to produce documents responsive to the

28

-15-

1  subpoena or document demand on the response date.  Compliance by the Receiver

2  with any order directing production pursuant to the subpoena or document demand of

3  any Confidential or Highly Confidential Information shall not constitute a violation of

4  this Order.  Nothing herein shall be construed as requiring the Receiver or anyone else

5  covered by this Order to challenge or appeal any order directing production of

6  Confidential or Highly Confidential Information covered by this Order, or to subject

7  himself or itself to any penalties for non-compliance with a legal process or order, or

8  to seek any relief from this Court.

9      26.     Nothing in this Order shall preclude any Party from seeking judicial

10  relief, upon notice to the other Parties, with regard to any provision hereof.

11      27.     This agreement may be executed in counterparts each of which shall be

12  deemed an original, but all of which shall constitute one and the same agreement.

13

14  DATED:   September 18, 2012          McKOOL SMITH HENNIGAN, P.C.
                                        J. Michael Hennigan
15                                      Peter J. Most
                                        Caroline M. Walters
16                                      Leaf K. Williams

17

18                                      By _____ /s/ Caroline M. Walters
                                              Caroline M. Walters

19                                      Attorneys for Plaintiff
20                                      THOMAS PROPERTIES GROUP, INC.

21

22

23

24

25

26

27

28

McKool Smith Hennigan, P.C.
los angeles, california

Case No. CV12-05331 MMM (Ex)

-16-

1

DATED:   September 18, 2012

PINNISI & ANDERSON
Michael D. Pinnisi

2

3

AFFELD GRIVAKES ZUCKER LLP
David W. Affeld

4

5

6

By_____/s/ Michael D. Pinnisi_____
                Michael D. Pinnisi

7

Attorneys for Defendants
STRATEGIC ADVISORY, INCORPORATED
and LARRY E. FINGER

8

9

**IT IS SO ORDERED** this _19th_ day of _September_, 2012

10

11

12

13

~~Margaret M. Morrow~~ *Charles F. Eick*

14

United States ~~District Judge~~
          *MAGISTRATE Judge*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan, P.C.
los angeles, california

-17-

# EXHIBIT A

## CERTIFICATION RE: CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

I, _____, hereby certify (i) my understanding that Covered Material and/or Confidential or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order (the "Order") entered by the United States District Court, Central District of California, in the above-captioned action, and (ii) that I have read the Order.

I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court, Central District of California for purposes of enforcement of the Order. I understand that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

Signature:_____

*Please Print or Type the Following*

Name:_____

Title and Affiliation:_____

Company:_____

Address:_____

_____

Telephone:_____

Date:_____

McKool Smith Hennigan, P.C.
Los Angeles, California

Case No. CV12-05331 MMM (Ex)

CONFIDENTIALITY STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
EXHIBIT A

# EXHIBIT B

## CERTIFICATION RE: CONFIDENTIAL
## AND HIGHLY CONFIDENTIAL INFORMATION

I, _____, hereby certify, on behalf of _____,

that (i) _____ is producing Covered Material and/or Confidential or

Highly Confidential Information in the above-captioned Action, that (ii)

_____ seeks to obtain the protections provided by the Confidentiality

Stipulation and Protective Order (the "Order") entered by the United States District

Court, Central District of California in the above-captioned action, and (iii) I am

authorized to execute this certification on _____'s behalf.

I hereby further certify that (i) I have read the Order, understand the terms of

the Order, and agree to be fully bound by the Order, and (ii) _____

hereby submit to the jurisdiction of the United States District Court, Central District

of California for purposes of enforcement of the Order.  On behalf of

_____, I further certify my understanding that any violation of the terms of

the Order shall be punishable by relief deemed appropriate by the Court.


Signature:_____

*Please Print or Type the Following*

Name:_____

Title and Affiliation:_____

Company:_____

Address:_____

_____

Telephone:_____

Date:_____

Case No. CV12-05331 MMM (Ex)                    CONFIDENTIALITY STIPULATION AND
                                                [PROPOSED] PROTECTIVE ORDER
                                                EXHIBIT B

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA